REDMANN, Judge.
Defendants, an automobile driver and his insurer, appeal from a judgment in favor of plaintiffs, the widow and children of a pedestrian who died from injuries after being hit by defendant driver. Plaintiffs by answer seek increase in quantum. We conclude that the physical evidence prevents the trial court’s finding of liability.
The accident occurred at night. Defendant was driving with his headlights on in his left lane of the side of Canal boulevard going towards Lake Pontchartrain. Mercury vapor lights on the median were also lit. Disregarding defendant driver’s testimony because the trial judge disbelieved him, we must still find that defendant was driving at approximately 30 mph, as calculated by an expert from skid lengths, in a 35 mph zone as he approached French street, an inferior side street for which traffic on Canal boulevard is not obliged to stop or yield. The pedestrian was crossing Canal from defendant’s right, on the lake side of French street. The boulevard side he was to traverse was 28 feet 3 inches wide, with a white-line lane marker 11 feet from the median.
The critical facts are that defendant’s automobile stopped 20 feet past the intersection, leaving skid marks of 35, 38, 45 and 46 feet. That 46' mark satisfies us that defendant had reacted, by applying his brakes hard, 46' before he stopped. In the .75 second reaction time at 30 mph he had travelled 33 feet, so that his reaction began when he was approximately 79 feet from where he stopped. It would take him approximately two seconds, in addition to the .75-second reaction time, to travel the 46' of skid, as he decelerated from about 30 *278 mph (44 feet per second) to 0 mph.[1] (The expert is wrong in saying it would take one second: it would take one second only if no deceleration occurred, that is, only if the car continued at 30 mph until the instant of stopping.) In those 2.75 seconds a pedestrian walking 3 mph (4.4 fps), which the expert testified was an appropriate average walk, would travel 12.2 feet. Thus, because the pedestrian was a foot or two to the driver’s left of the middle[2] of the 11-foot left traffic lane (and, we assume, at about the middle of the 11-foot-wide marked pedestrian crossing beginning at the corner) when struck, and because the car therefore travelled about 14.5 feet in about one second after striking him, he would have been about a foot to the right of the left traffic lane when defendant’s actual .75-second reaction time began. (If we suppose that the driver should have seen the pedestrian a third of a second earlier, when the driver would have been 14.5 feet further away and could have stopped just before hitting the pedestrian, then the pedestrian would have been 2.5 feet to the right of the left lane.) In either case, whether one or 2.5 feet away from the lane in which defendant was moving, the pedestrian was not yet into the danger zone when the driver became unable to stop. (If we add another second or two, the pedestrian is even further removed from danger.) When the driver thus had no chance left to stop, the pedestrian was still some five feet away from the projected line of the car’s right side. It was thus the pedestrian who had, theoretically, the “last” “clear” chance to avoid the collision. We can hardly oblige a stranger to a greater duty of care towards a pedestrian than the duty the pedestrian has to care for himself. If we are to say that the driver should have seen, then in simple fairness we would have similarly to say that the pedestrian should have seen: and the pedestrian should have seen at a time when he could still have avoided the collision although the driver could not.
The driver did not have the last clear chance, not even an unconscious last clear chance. The pedestrian’s contributory negligence therefore remains a bar to his and his survivors’ recovery. See Bergeron v. Department of Highways, 1952, 221 La. 595, 60 So.2d 4.
Reversed; dismissed at plaintiffs’ cost.

. The expert testified he established the coefficient of friction (u) at .74, which would approximate speed (v) at 30.14 mph and time (t) at 1.85 seconds for 41' (and 31.9 mph and 1.96 seconds for 46') full braking distance (d). The formulas are v2 = 2u (32.2)d and t = v 32.2u.

. Defendant testified his car was “the usual distance you would drive from a curb . two feet, three feet”, and that the pedestrian was to the left of center of his car when hit, “about in the area where your left headlight would be”. This testimony would place the pedestrian at between three and 4.5 feet from the curb when struck. The center of the 11-foot lane would be 5.5 feet from the curb.